IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY ECKLES, and EDWARD RISHER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GRAYSLAKE AUTOS LLC, SCOTT FALCONE, individually and ROBERT D. WATSON, individually,<br><br>Defendants. | Judge<br><br>Case No. |

## COMPLAINT

Plaintiffs Jeremy Eckles and Edward Risher (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, unpaid commissions and unlawful deductions for Plaintiffs and similarly situated co-workers - sales representatives - who worked for Grayslake Autos LLC, Scott Falcone ("Falcone") and Robert D. Watson ("Watson") (collectively "Rock Chevy" or "Defendants").

2. In one or more individual work weeks during the applicable statute of limitations, Plaintiffs and other sales representatives[1] were paid pursuant to a commission agreement plus a draw and/or salary.

3. Until in or around 2018, Defendants Falcone and Watson owned and operated the

---

[1] At Rock Chevy, a sales representative's principal activity involved the selling of new and used vehicles to customers.

Rock Chevy dealership located at 1000 E. Belvidere Road, Grayslake, IL 60030.

4. In one or more individual work weeks during the Class Period (defined below), Plaintiffs were paid wages less than the minimum wage required by the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

5. Similarly, in one or more individual work weeks, other sales representatives were paid less than the minimum wage required by the FLSA and IMWL

6. Pursuant to the commission agreement between Rock Chevy and its sales representatives, it was agreed that on the sale of new and used vehicles, Plaintiffs were entitled to be paid a twenty-five (25) percent commission on the gross profit.

7. Under the agreement, Rock Chevy computed the commissionable gross as follows:

> "New Vehicle - Invoice + $350 pack
> Used vehicle -> $2500 (ACV) - cost + reconditioning fees + $1250 pack
> Used vehicle -< $2500 (ACV) - cost + reconditioning fees + $350 pack"

Exhibit A, 2013 Sales Pay Plan.

8. Notwithstanding its agreement with Plaintiffs and the sales representatives, Rock Chevy designed and implemented an ongoing scheme whereby it manipulated the gross profits of cars sold thereby reducing its sales representatives' commissions and increasing its own profits.

9. In violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, Rock Chevy inflated what they reported as the price of a vehicle before resale through additional "packs" and other items not agreed to by sales representatives.

10. Moreover, Rock Chevy would also reduce the commissionable gross when a customer traded-in one vehicle for the purchase of another vehicle of a different make and model.

11. Rock Chevy also has a policy and/or practice whereby sales representatives are impermissibly charged back paid commissions. These charge backs, are often made weeks or

months after the sales representatives closed a deal, received the commission, and were given a commission breakdown. The reduction of commissions by the imposition of these charge backs was not agreed upon in writing with the sales representatives, in violation of the IWPCA.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Plaintiffs' IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. 28 U.S.C. § 1391.

## THE PARTIES[2]

15. Plaintiff Jeremy Eckles ("Eckles") resides in and is domiciled within this judicial district.

16. Plaintiff Eckles worked for Defendants from approximately December 16, 2013 until July, 2016.

17. Plaintiff Edward Risher ("Risher") resides in and is domiciled in Mississippi.

18. Plaintiff Risher worked for Defendants from approximately September 6, 2013 through February 9, 2017.

19. Defendant Grayslake Autos LLC is an Illinois corporation with its principal place of business located in Grayslake, Illinois.

20. Defendant Grayslake Autos LLC does business within this judicial district.

---

[2] Plaintiffs' Consent Forms to become party Plaintiffs are attached as Exhibit B.

21. Defendants Falcone and Watson founded Grayslake Autos LLC and own Grayslake Autos LLC.

22. Defendant Watson is the President of Grayslake Autos LLC.

23. Defendant Falcone is the Vice President of Grayslake Autos LLC.

24. At all times relevant hereto, Plaintiffs were Grayslake Autos LLC's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

25. At all times relevant hereto, Plaintiffs were Falcone's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

26. At all times relevant hereto, Plaintiffs were Watson's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

27. At all times relevant hereto, Plaintiffs were Grayslake Autos LLC's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

28. At all times relevant hereto, Plaintiffs were Falcone's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

29. At all times relevant hereto, Plaintiffs were Watson's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

30. At all times relevant hereto, Plaintiffs were Grayslake Autos LLC's "employee" as that term is defined by the IWPCA, 820 ILCS 115/2.

31. At all times relevant hereto, Plaintiffs were Falcone's "employee" as that term is defined by the IWPCA, 820 ILCS 115/2.

32. At all times relevant hereto, Plaintiffs were Watson's "employee" as that term is defined by the IWPCA, 820 ILCS 115/2.

33. At all times relevant hereto, Defendant Grayslake Autos LLC was Plaintiffs'

"employer" as defined by the FLSA, 29 U.S.C. § 203(d).

34. At all times relevant hereto, Defendant Falcone was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

35. At all times relevant hereto, Defendant Watson was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

36. At all times relevant hereto, Defendant Grayslake Autos LLC was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

37. At all times relevant hereto, Defendant Falcone was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

38. At all times relevant hereto, Defendant Watson was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

39. At all times relevant hereto, Defendant Grayslake Autos LLC was Plaintiffs' "employer" as defined by the IWPCA, 820 ILCS 105/2.

40. At all times relevant hereto, Defendant Falcone was Plaintiffs' "employer" as defined by the IWPCA, 820 ILCS 105/2.

41. At all times relevant hereto, Defendant Watson was Plaintiffs' employer as defined by the IWPCA, 820 ILCS 105/2.

42. Defendant Grayslake Autos LLC is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

43. At all times relevant hereto Defendant Grayslake Autos LLC's annual gross volume of sales made or business done has exceeded $500,000 per year, exclusive of excise taxes.

44. Defendants Falcone and Watson are involved in the day-to-day business operations of Grayslake Autos LLC.

45. Defendants Falcone and Watson directed and supervised the work of employees, signed on the corporation's checking accounts, including payroll accounts, determined employee compensation and benefits, made decisions regarding capital expenditures, and hired and fired employees.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated current and former sales representatives employed at Rock Chevy owned, operated, and/or controlled by Defendants, for a period of December 20, 2014 and the date of final judgment in this matter ("Class Period") and who elect to opt-in to this action (the "FLSA Collective Members").

47. At all relevant times, Plaintiffs and the FLSA Collective Members were subject to the same or substantially similar compensation plan during their employment by Defendants.

48. Plaintiffs' claims are essentially the same as those of the other FLSA Collective Members.

49. For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names and addresses are readily available from Defendants' records.

## CLASS ACTION ALLEGATIONS

50. Plaintiffs bring the Second Cause of Action, an IMWL claim, under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent employees who worked for Defendants as Sales Representatives who one or more work weeks were not paid the Illinois minimum wage ("IMWL Class Members").

51. The relevant time period for the IMWL class action is from December 20, 2014 to the present ("Class Period").

52. Defendants employed more than forty (40) IMWL Class Members who worked in Illinois during the Class Period and who were not paid the applicable minimum wage in one or more work weeks.

53. The issues involved in this lawsuit present common questions of law and fact.

54. The common questions of law and fact predominate over any variations which may exist between IMWL Class Members.

55. The violations of the IMWL alleged by Plaintiffs are the result of Defendants' application of their pay plan to all IMWL Class Members.

56. Common questions of fact and law will predominate over any additional questions raised.

57. Plaintiffs and the IMWL Class Members have a commonality of interest in the subject matter and remedy sought, namely back wages, liquidated damages and other penalties, interest, and attorneys' fees and costs of this lawsuit.

58. Plaintiffs will fairly and adequately represent and protect the interests of the classes.

59. Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

60. If individual actions were required to be brought by each IMWL Class Member injured or affected by Defendants' policies and practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

61. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Jeremy Eckles**

62. In one or more work weeks during the Class Period, Defendants did not pay Eckles the federal minimum wage for all time he was suffered or permitted to work.

63. In one or more work weeks during the Class Period, Defendants did not pay Eckles the Illinois minimum wage for all time he was suffered or permitted to work.

64. Defendants withheld from Eckles commissions he earned from selling new and used vehicles for Defendants, where Defendants had agreed to pay these commissions to Eckles upon performance, and where such commissions were due to Eckles in accordance with the agreed terms of his employment.

65. Defendants failed to calculate Eckles' commissions in accordance with the agreed upon terms of his commission agreement.

66. Defendants made deductions from Eckles' wages that were not in accordance with the provisions of any law, rule, or regulation, and that were not expressly authorized by Eckles nor made for his benefit.

**Edward Risher**

67. In one or more work weeks during the Class Period, Defendants did not pay Risher the federal minimum wage for all time he was suffered or permitted to work.

68. In one or more work weeks during the Class Period, Defendants did not pay Risher the Illinois minimum wage for all time he was suffered or permitted to work.

69. Defendants withheld from Risher commissions he earned from selling new and used vehicles for Defendants, where Defendants had agreed to pay these commissions to Risher upon performance, and where such commissions were due to Risher in accordance with the agreed terms of his employment.

70. Defendants failed to calculate Risher's commissions in accordance with the agreed upon terms of his commission agreement.

71. Defendants made deductions from Risher's wages that were not in accordance with the provisions of any law, rule, or regulation, and that were not expressly authorized by Risher nor made for his benefit.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act - Failure to Pay Minimum Wage

72. Plaintiffs, on behalf of themselves and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

74. In one or more individual work weeks during the Class Period, Defendants failed to pay Plaintiffs the applicable minimum wage.

75. FLSA Collective Members were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

76. In one or more individual work weeks during the Class Period, Defendants failed to pay FLSA Collective Members the applicable minimum wage.

77. Defendants' failure to pay the applicable minimum wage in one or more work weeks to Plaintiffs and FLSA Collective Members violated the FLSA.

78. Defendants' failure to pay the applicable minimum wage in one or more work weeks to Plaintiffs and FLSA Collective Members was willful and intentional.

79. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

80. Defendants made no good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

81. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

82. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

## SECOND CAUSE OF ACTION
**Violation of the Illinois Minimum Wage Law - Minimum Wage**

83. Plaintiffs, on behalf of themselves and the IMWL Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

84. Plaintiffs were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

85. In one or more individual work weeks during the Class Period, Defendants failed to pay Plaintiffs the applicable minimum wage.

86. IMWL Class Members were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

87. In one or more individual work weeks during the Class Period, Defendants failed to pay IMWL Class Members the applicable minimum wage.

88. Defendants' failure to pay the applicable minimum wage in one or more work weeks to Plaintiffs and IMWL Class Members violated the IMWL.

### THIRD CAUSE OF ACTION
### Violation of the Illinois Wage Payment and Collection Act

89. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115/4, 820 ILCS 115/5, for Defendants' failure and refusal to pay Plaintiffs all the wages they earned pursuant to the agreement between Plaintiffs and Defendants.

91. Plaintiffs were entitled to be paid commissions based on the sale of new and used vehicles at Rock Chevy.

92. Defendants included additional "packs" and other items when determining their vehicle costs and Plaintiffs' commissions.

93. These "packs" and additional items were not contemplated by the commission agreement between Plaintiffs and Defendants.

94. Plaintiffs were entitled to be compensated as agreed to by the parties.

95. Defendants failed to pay Plaintiffs according to the agreement between the parties.

96. Defendants' failure to pay Plaintiffs according to the agreement between the parties violated the IWPCA.

### FOURTH CAUSE OF ACTION
### Breach of Contract

97. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98. Plaintiffs were entitled to be paid commissions based on the sale of new and used vehicles at Rock Chevy.

99. Defendants included additional "packs" and other items when determining their vehicle costs and Plaintiffs' commissions.

100. These "packs" and additional items were not contemplated by the commission agreement between Plaintiffs and Defendants.

101. Plaintiffs accepted Defendants' offer of employment.

102. Defendants breached the parties' contract by failing to pay Plaintiffs their earned commissions in accordance with the parties' agreement.

103. Plaintiffs have been damaged by Defendants' breach of the parties' contract and their failure to pay Plaintiffs their owed wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, collectively and on behalf of all other similarly situated persons, pray for the following relief:

A. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq*. for Plaintiffs and all FLSA Collective Members;

B. Unpaid minimum wages and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a), and reasonable attorneys' fees and costs incurred as provided by the Illinois Minimum Wage Law;

C. Judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act, statutory penalties on the back wages in accordance with 820 ILCS

- 13 -

115/14, attorneys' fees and costs in accordance with 820 ILCS 115/14, and such other and further relief as this Court deems appropriate and just;

        D.        Reasonable attorneys' fees and costs of the action; and

        E.        Such other relief as this Court shall deem just and proper.

Dated: June 15, 2018

                                                               Respectfully submitted,

                                                               By: <u>/s/Douglas M. Werman</u>
                                                               One of Plaintiffs' Attorneys

Douglas M. Werman
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008


Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
Fitapelli & Schaffer, LLP
28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375

Attorneys for Plaintiffs